## 51972. WALKER v. THE STATE.

QUILLIAN, Judge.
Defendant appeals from his conviction for possession of marijuana. He enumerates as error the overruling of his motion to suppress and the failure to grant his motion for directed verdict of acquittal on the ground that the state had not proved the chain of evidence. *Held:*

1. The defendant contends the motion to suppress should have been granted for the following reasons: (1) that the affidavit for the search warrant did not show why the informant was reliable; (2) that both the affidavit and search warrant were dated on October 3, 1974 and executed on November 3, 1974, thus any information contained in the affidavit was stale; (3) that the warrant was not issued by a neutral and detached magistrate.

The affidavit does not show why the informant was reliable. However, both the officer who executed the affidavit and the issuing magistrate testified that the affiant gave oral testimony which filled in all the information left out of the written affidavit. Moreover, the issuing magistrate also testified that he misdated the affidavit and search warrant as October 3, 1974 when it should have been November 3, 1974. Hence, any question as to the information being stale is without merit.

The only contention made as to why the magistrate was not fair and impartial was to the effect that he asked questions on the hearing concerning the issuance of the search warrant. We find this contention to be without merit.

2. The defendant contends that the verdict against

him is not sustainable because the prosecution failed to establish that the substance found in his possession and the substance which was tested and identified as marijuana were not in fact the same. It is argued that the chain of possession was not sufficiently established.

We point out in consideration of this issue that at the time the evidence was offered, no objection was made to its admission. Moreover, a review of the record shows that the arresting officers after finding the marijuana, sealed it in a paper bag and stamped that paper bag. The bag was then placed in a locker to which there was only limited access; that the bag was then removed from the locker and carried by another officer to the laboratory where the lab technician testified that he obtained the package which had the defendant's name and the other pertinent data thereon and which he found to be positive for marijuana, and which he subsequently resealed and then brought to the courtroom. There is no merit to this contention of the defendant.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED APRIL 12, 1976 — DECIDED APRIL 29, 1976.

*James C. Abernathy,* for appellant.
*Glenn Thomas, District Attorney, Richard W. Littlefield, Jr., Assistant District Attorney,* for appellee.