## 60159. HERRON v. THE STATE.

Birdsong, Judge.

Vicel Alexander Herron, Jr. was convicted of child molestation and sentenced to serve seven years. He brings this appeal both through counsel and pro se. Herron enumerates several alleged errors but the major contention relates to identification.

As relevant the facts disclose that on June 15, 1977, a girl aged 8 and her little brother, aged 5, were walking on the sidewalk toward the third house down the street from their own to a neighbor's house where they had been invited to swim in a wading pool. As they were walking, a car stopped, the male driver got out and asked directions to the "Johnson's house." As the girl later reported, the car was green and had "chrome" on the back. The man was about 30, white, wearing a green suit, a green striped shirt, had short black hair and was wearing sun glasses that darkened with exposure to light. The automobile had a license plate which included the letters and first number of LOE 1. The man suddenly pulled down the bottom of the girl's two-piece bathing suit and placed his hand on her genitalia and asked her if she "liked it." The girl became frightened and said "no." The man then left. The police were notified to look for a green car with a male occupant fitting the above description. Shortly thereafter, a green car was stopped which bore the license plate LOE 189, with a "Continental Kit" on the back, whose occupant (Herron) was wearing a green leisure suit with a green striped shirt, and was a white male about 30 years of age with short black hair. On the front seat of his car was recovered a pair of sun glasses that darkened when exposed to light. When questioned, Herron admitted that he had been in the area where the children lived. Pictures were taken of Herron and a spread of seven pictures were shown to the two children within several hours of the incident. The girl was able to pick out two which reminded her of the perpetrator but she could not positively identify either as being the man. One of these two pictures was of the

appellant. Because the children could not positively identify any of the pictures, the family (mother and two children) was released, and Herron also was to be released. As the investigating officer was bringing Herron down the steps to the police desk so that Herron could retrieve some documents, they passed the mother and two children who had not yet left the building. The observation of appellant in what was tantamount to a one-on-one confrontation was asserted by the officer to be solely by chance. No word was spoken and Herron left. However, each child thereafter identified Herron as the person who had touched the girl's genitalia. The day before trial (but two years later), the two children were taken to the courtroom by the prosecutor and shown where each person would sit including the appellant. At the time of trial, the victim was ten and the boy was seven. On cross examination, the boy admitted that he identified appellant in court because appellant was sitting in the particular chair where the appellant was supposed to be sitting. The girl also admitted being told the same thing but was more positive in her identification. *Held:*

1. In his first enumeration of error, appellant complains that the trial court erred in qualifying the seven-year-old boy, because he was unsure of the sanctity of an oath. The child testified that he knew the difference between right and wrong and that it was wrong to tell an untruth. He was not sure what would happen if he did not tell the truth.

While it is true that a child who does not understand the nature of an oath is not a competent witness (Code Ann. § 38-1607), the trial court is the arbiter of competency. Code Ann. § 38-1610. The decision of the trial court regarding capacity will not be reversed except for a manifest abuse of discretion. *Edwards v. State,* 226 Ga. 811, 812 (177 SE2d 668); *Lashley v. State,* 132 Ga. App. 427, 429 (208 SE2d 200). While on the cold record the testimony of the boy does not inspire confidence, we are unable to see the child as did the trial court and we are unable to evaluate the child's demeanor or candor. We will not substitute our judgment for that of the trial court nor do we find a manifest abuse of discretion. This enumeration is without merit.

2. The second enumeration is of greater moment. The boy did not testify clearly as to how long or how well he had seen the man when the molestation of his sister occurred. He did not really give any predicate for an identification based upon observation at the scene. But he did clearly testify that he identified the appellant as the perpetrator because he was the person seated in the chair that had been pointed out to him the day before by the prosecutor. We conclude that such testimony was tainted. The identification was infected by an irreparable likelihood of misidentification. The trial

court therefore erred in refusing to strike his testimony relating to the in-court identification of the appellant as the perpetrator.

However, having found error, we still must weigh it for prejudice. The boy's testimony as to the occurrence and the general description of the perpetrator and his car were completely corroborative of his sister's. Her testimony was unshaken that Herron was the man. The physical description of the man, his dress, his car and the glasses he was wearing, standing alone was sufficient to point unerringly to the identity of Herron as the perpetrator without the testimony of either child. The boy's testimony was at best cumulative of his sister's and was certainly unnecessary to a conviction. Under these circumstances we have no hesitancy in concluding that within the context of this case we can apply the "highly probable test" that is, that it is "highly probable that the error did not contribute to the judgment." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). This enumeration does not require reversal.

3. In his third enumeration, Herron urges that the trial court should have stricken the evidence of the one-on-one show-up at the police station on the day of the occurrence. We reject this contention. There is no showing that this confrontation was staged by the police. Rather the evidence shows that it was by chance. The children were not asked by the police if Herron was the individual. They volunteered the information of identification after seeing Herron descending the stairs only a short time after the molestation occurred.

A conviction based upon an in-court identification following a pre-trial identification will be set aside on that ground only if the pre-trial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247). If the pre-trial confrontation is accidental and not so arranged by the authorities as to make resulting identification virtually inevitable, there is no denial of due process. *Moye v. State,* 122 Ga. App. 14, 17-18 (176 SE2d 180). In this case, the children described the perpetrator, his clothing, his car and his glasses to such a degree of accuracy, the girl picked out his picture as one of two who was possibly the man from among seven pictures, and identified Herron on the day at the police station from the casual observation as well as in the courtroom. We find no likelihood of misidentification in this evidence. This enumeration lacks merit. See *Thomas v. State,* 213 Ga. 237, 238 (2) (98 SE2d 548).

4. In enumerations 4 and 5, appellant argues that the trial court erred in denying a directed verdict for acquittal at the close of the evidence and in denying a motion for a new trial on the general

grounds because of the lack of lawful identification. Based upon the discussion in the foregoing divisions, we find these enumerations to be without merit. We conclude that a rational trier of fact inevitably would have found guilt beyond a reasonable doubt based upon such evidence. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

5. Appellant, pro se, has presented the court with four additional enumerations of error. Enumeration 7 complains that the court erred in allowing evidence of two pistols which were recovered in his car when he was arrested. Enumeration 8 urges that the court erred in not charging the jury to disregard the recovery of a driver's license in an improper name which Herron presented to the arresting police officer. The state was attempting to show that Herron had been a fugitive from justice for two years and that the attempt to conceal his identity and the possession of the pistols was consistent with continued flight. Though the trial court would not allow the prosecution to proceed on that theory by showing these specific items of evidence, the court did allow the state to attempt to show flight.

We find no merit in these two enumerations. The flight of the accused, where and when arrested, whether he resisted or not, how he was armed, and all the circumstances attending his arrest, are admissible to be considered by the jury for what they are worth. *Newman v. State,* 239 Ga. 329, 330 (236 SE2d 673). Even assuming that the trial court could have charged the jury to disregard the evidence of the fictitious driver's license, the court had no duty sua sponte to give such a charge and its failure to do so in the absence of a request is no error. *Jones v. State,* 242 Ga. 893, 896 (252 SE2d 394).

6. In enumeration of error 9, Herron complains that the trial court erroneously allowed the testimony of the baby sitter concerning the girl's reaction, conduct, and statements immediately after she ran into her house after the molestation. There is no merit in this enumeration. The evidence shows that the child was nearly hysterical and made several spontaneous and excited utterances. This testimony was in the first place merely cumulative and in the second clearly a part of the res gestae. *Bridges v. State,* 242 Ga. 251, 253 (5) (248 SE2d 647). There was no error in the admission of this evidence.

7. In his last enumeration of error, Herron contends that the trial court erred in refusing to allow the jury to rehear testimony that showed the time frame between the molestation (sometime between 12:00 and 2:00 p.m.) and his apprehension (at about 3:45 p.m.). The jury's request came after deliberations had begun. The trial court indicated in its answer to the jury's request for rehearing the information that because the evidence was closed, the court could not reopen but that the jury would have to recall the evidence given. Herron complains that whether or not to reopen is a matter of

discretion lying in the trial court and by indicating that he could not reopen, the trial court erroneously failed to exercise his discretion. See *Hurt v. State,* 239 Ga. 665, 672 (8) (238 SE2d 542); *Maddox v. State,* 68 Ga. 294.

In this case, the jury's request did not seek new or additional evidence, merely the repetition of that which they had already heard. Moreover, the comments of the trial court are equally subject to an interpretation that rather than not having the authority to reopen, the court declined to do so, simply informing the jury they must recall the testimony presented thereby not placing a premium or undue emphasis on any particular evidence. See *Redwing Carriers v. Knight,* 143 Ga. App. 668, 675 (239 SE2d 686). Moreover, we note that appellant's counsel made no objection when the trial court refused the evidence thus nothing has been preserved for appeal (*Walker v. State,* 138 Ga. App. 509, 516 (226 SE2d 777)). This enumeration is without merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 22, 1980 —

*O. L. Collins,* for appellant.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.