### 61351. HARKNESS v. THE STATE.

POPE, Judge.
Convicted of two counts of selling marijuana in violation of the Georgia Controlled Substances Act, Harkness appeals, enumerating as sole error that the defense tactics of his retained attorney at trial were so ineffective as to deny him his constitutional right to counsel.

Appellant's assertion that throughout the trial his attorney "failed to make objections that should have been made, or made nonsensical objections which displayed his total lack of understanding of the law," is belied by our review of the transcript. Indeed, the transcript discloses that the attorney vigorously pursued both pretrial and trial motions and objections, including an attempt to establish an alibi defense for appellant through the calling of six witnesses. " 'Where a defendant is represented by employed counsel

(as in the instant case) who is admitted to the Bar of this State in good standing, a prima facie case is made that the defendant was represented by a competent attorney.' [Cit.] 'While another lawyer or other lawyers, had they represented the (defendant) upon (his) trial, might have conducted (his) defense in a different manner, and might have exercised different judgments with respect to the matters referred to in (this enumeration), the fact that (his attorney) chose to try the (defendant's) case in the manner in which it was tried and made certain decisions as to the conduct of (his) defense with which (he and his) presently employed attorneys now disagree, does not require a finding that (his) representation of the (defendant) was so inadequate as to amount to a denial to (him) of the effective assistance of counsel.' " *Suits v. State,* 150 Ga. App. 285, 286 (257 SE2d 306) (1979); *Chapman v. State,* 154 Ga. App. 532 (1) (268 SE2d 797) (1980).

We have also carefully reviewed those portions of the transcript containing what appellant contends were the "most glaring" trial errors, where appellant's attorney asked questions of Harkness and another witness relating to other offenses to which Harkness was connected. In one instance where appellant had been arrested for loitering on school property and pled guilty, receiving a fine and probation, defense counsel was apparently trying to place Harkness in a favorable light by showing that he did not violate any of the terms of his probation. In the other instance, appellant's attorney brought out that Harkness had not been charged on a previous occasion when the house in which he resided had been searched pursuant to a warrant even though marijuana residue was discovered. While we query the efficacy of this strategy, we do not perceive that it requires reversal on the ground of assistance of counsel so ineffective as to deny all representation. "The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense." *Fortson v. State,* 240 Ga. 5, 6 (239 SE2d 335) (1977); *Robinson v. State,* 150 Ga. App. 642 (8) (258 SE2d 294) (1979). Nor were any comments made by the trial court so egregious or prejudicial as to warrant a new trial. "Under these circumstances we have no hesitancy in concluding that within the context of this case we can apply the 'highly probable test,' that is, that it is 'highly probable that the error did not contribute to the judgment.' *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) [1976]." *Herron v. State,* 155 Ga. App. 791, 793 (272 SE2d 756) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

Decided May 13, 1981.

*Arch E. McGarity,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.