## A89A0413. SCHLEY v. THE STATE.
(382 SE2d 120)

BEASLEY, Judge.

Schley was convicted by a jury of two burglaries (entries with intent to commit thefts) at Hidden Pointe Apartments three days apart. OCGA § 16-7-1.

1. He invokes the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) in complaining that the evidence was insufficient.

The asserted insufficiencies as to the first burglary are that there was no evidence that 1) anything was taken; 2) there was an unauthorized entry; 3) the forced entry, if there was one, occurred on the date charged and not earlier; 4) he was the perpetrator, because there were discrepancies in the description given by a witness.

Appellant cites no authority for the proposition that it is the victim who must testify as to the first two facts. A resident of a nearby apartment saw a person he later identified as Schley exit a car he had been driving, leaving the motor running, and return a few minutes later with a color TV which he put in the back seat before driving away. He contacted the resident manager who discovered that the apartment alleged in the indictment had been broken into by breaking the door and that the TV was missing. The resident was not present but when he was told of the incident by the manager, he was upset and moved out after expressing fear for his security. He was unavailable for trial. The investigating officer saw that the TV table was empty and the cable box was on the floor next to it. This was sufficient evidence of the first two facts.

As to the date of occurrence, the date in the indictment was the same date on which the resident manager and the observing resident both testified the described events occurred. Appellant's point is that the burglary, if there was one, could have occurred earlier than the day on which the resident saw someone carry away a TV, even if that someone were he. While that may be so, a reasonable inference could be drawn that the two incidents were part of one occurrence and one person's activity. Thus it cannot be said that there was no evidence that a burglary involving the TV which the witness saw had occurred moments before.

The resident testified that the person he saw the first time was black, about five feet ten or eleven inches, built similarly to the witness, bearded, with about inch-long hair, wearing a hat and glasses. As to the second occasion three days later, when he again saw defendant, he testified that he gave the officer the same height and weight but did not recall saying he wore sunglasses although he may have, and that his cap was not a baseball cap. The investigating officer tes-

tified that the resident had described the person as being in his late thirties or forties, of medium height and build, with a beard and a hat. Both witnesses were testifying solely from recollection unaided by contemporaneous notes. The discrepancies, if any, are not such as to render identification inconclusive as a matter of law.

As to the second burglary, Schley argues that the evidence was insufficient because he was not seen going into the apartment, he was not seen or caught with stolen goods, and there was no scientific evidence to connect him. The screwdriver found tucked in defendant's pants when he was arrested at the scene fit the pry marks on the doors of both apartments. The same resident who witnessed the first incident called police when he saw the same car back at the apartments three days later. Schley, who was identified by the resident as the same person he had seen three days earlier, was apprehended in the vicinity of an apartment to which the door had been pried open; items belonging in it were found in an adjacent empty apartment and were identified by their owner, who did not give Schley permission to enter.

The circumstantial evidence was sufficient to sustain the convictions. OCGA § 24-4-6. The Federal Constitutional standard which he relies on was also met.

2. The trial court did not abuse its discretion in declining to grant the jury's request, made during deliberations, for certain evidence to be repeated. It is a discretionary matter. *Johns v. State*, 239 Ga. 681, 683 (238 SE2d 372) (1977). The court's response to the jury was that it should decide the case on the evidence which had been presented, "on your collective recall and your notes and your perceptions and your opinions of what the evidence was." Twelve persons heard and observed the witnesses. Documentary evidence was given to the jury for its study in the jury room. Repeating only selected portions of oral evidence can tend to highlight it and diminish the role of unrepeated evidence. *Herron v. State*, 155 Ga. App. 791, 795 (7) (272 SE2d 756) (1980). See *Evans v. State*, 148 Ga. App. 422, 424 (3) (251 SE2d 325) (1978); *Berryhill v. State*, 249 Ga. 442, 450 (11) (291 SE2d 685) (1982). The evidence requested did not involve complex or technical matters.

3. Schley contends that evidence introduced of two prior burglaries should have been excluded because the State failed to prove sufficient similarity with the charged offense. As to the first, a TV was stolen from an apartment and Schley had a screwdriver tucked inside his trousers waistband when he was apprehended after leaving with the TV in a truck. The second burglary, less than three weeks after the first, was also of an apartment. Schley was caught by the resident as Schley was entering through the rear window. He had a screwdriver in his hand and there was evidence that someone had tried to

pry open the patio door.

The similarity of these two prior offenses, to which Schley had pled guilty, was sufficient to be relevant. They tended to show a common modus operandi or a similar course of conduct, the expressly limited purpose for which they were admitted, and it was thus not error to allow them for the jury's consideration. See *Hayes v. State,* 175 Ga. App. 135 (332 SE2d 917) (1985).[1]

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 13, 1989 —
REHEARING DENIED APRIL 28, 1989.

*J. M. Raffauf,* for appellant.

*Robert E. Wilson, District Attorney, Eleni Ann Pryles, Robert E. Statham III, Assistant District Attorneys,* for appellee.

---

[1] The jury was instructed as to the narrow limited purpose before the evidence was introduced. However, in the final charge the court broadened it to include knowledge, common design, motive, intent, good or bad faith, bent of mind, plan, scheme, identity, and other matters dependent on a person's state of mind. No complaint that such was too broad in this context has been registered. See *Nelson v. State,* 181 Ga. App. 481, 482 (2) (352 SE2d 804) (1987), as illustrative of particularity. Also *Felker v. State,* 252 Ga. 351, 359 (1a) (314 SE2d 621) (1984); *Walraven v. State,* 250 Ga. 401, 407 (4b) (297 SE2d 278) (1982).