A03A1630. WILLIAMS v. THE STATE.
(589 SE2d 676)

MIKELL, Judge.

A Fulton County jury convicted Alvin D. Williams of armed robbery, aggravated assault with a deadly weapon, and criminal attempt to commit armed robbery. On appeal, he argues that the trial court erred by denying his motion to suppress the eyewitness identification and by admitting similar transaction evidence. We affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no

---

longer enjoys a presumption of innocence."[1] So viewed, the evidence shows that at approximately 1:00 p.m. on December 10, 2000, Ella Mae Reid exited the MARTA bus that she rode home from church near her apartment complex. As Reid walked between two apartment buildings, she was approached from behind by two men. One of the men, whom Reid later identified as the appellant, pulled at her purse. Reid testified that she turned to face Williams and looked directly into his eyes, while struggling to hold on to her purse. Williams then pulled a silver handgun from his pants and pointed it at Reid, demanding her purse. Reid screamed and dropped her Bible, which Williams's accomplice grabbed, and the men ran from the scene.

Reid's report to the police later that day described the gunman as a black male of light brown complexion and average build, who weighed approximately 160-170 pounds, was between twenty to twenty-five years old, and stood five feet ten inches to six feet tall. About two weeks later, Reid was shown a photographic lineup, which did not include the gunman. She told the officer that the gunman had acne and a lighter complexion than any of the men depicted in the lineup. The officer compiled a second photographic lineup that included Williams, and Reid immediately identified Williams as the gunman.

1. In his first enumerated error, Williams argues that his motion to suppress should have been granted because the police utilized unduly suggestive identification procedures.

We will not reverse a ruling denying a motion to suppress where there is no evidence in the record demanding a finding contrary to the judge's determination.[2] As there was no such evidence here, Williams's argument fails.

"[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."[3] Therefore, there is a two-step test: "(1) whether there was an impermissibly suggestive photographic identification procedure, and (2) if so, whether under the totality of the circumstances this resulted in a substantial likelihood of irreparable misidentification."[4]

---

[1] (Citation and punctuation omitted.) *Hutchinson v. State*, 232 Ga. App. 368, 369 (501 SE2d 873) (1998).

[2] *Smith v. State*, 137 Ga. App. 845, 846 (2) (225 SE2d 93) (1976).

[3] *Simmons v. United States*, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). Accord *Jackson v. State*, 243 Ga. App. 289, 293 (3) (h) (531 SE2d 747) (2000).

[4] (Citations and punctuation omitted.) *Jackson v. State*, 209 Ga. App. 53, 54 (1) (432 SE2d 649) (1993).

Williams argues that the procedure was unduly suggestive because the second photographic lineup included the lightest of three pictures that the police had of Williams, and that the use of this picture was a blatant attempt to suggest to Reid that Williams was the perpetrator. However, both the officer and the victim testified that the officer never suggested that Williams was the perpetrator. Furthermore, we have previously rejected the argument that the lighter picture tone of the suspect renders a photographic lineup impermissibly suggestive.[5] Had the array depicted one lighter-skinned person in the midst of several darker-skinned persons or both included pictures of Williams, a different result may be warranted. We have examined the array, which was included in the record, and do not find that it was impermissibly suggestive. Accordingly, we need not inquire into the likelihood of an irreparable misidentification.[6]

2. Williams also argues that his conviction should be reversed because the trial court admitted similar transaction evidence of a prior robbery, which placed his character at issue. We disagree.

Before any evidence of independent offenses or acts may be admitted into evidence, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B). At that hearing, the state must show that (1) it seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) there is sufficient evidence to establish that the accused committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[7] "The proper focus is on the similarity, not the differences, between the separate crime[ ] and the crime in question."[8] However, "[a] similar transaction need not be identical in order to be admissible."[9]

In this case, the state sought to introduce a prior robbery committed by Williams as evidence of his bent of mind, intent, and course of conduct, all of which have been deemed acceptable purposes for the introduction of similar transaction evidence.[10] The state proffered that the victim in the prior robbery had his book bag stolen from him near a MARTA station. In that incident, the perpetrator approached

[5] *Brewer v. State*, 219 Ga. App. 16, 20 (6) (463 SE2d 906) (1995).

[6] *Whatley v. State*, 266 Ga. 568, 569 (2) (468 SE2d 751) (1996); *Pennymon v. State*, 261 Ga. App. 450, 452 (3) (582 SE2d 582) (2003).

[7] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[8] *Wayne v. State*, 269 Ga. 36, 39 (3) (495 SE2d 34) (1998).

[9] (Citation and punctuation omitted.) *Brooks v. State*, 230 Ga. App. 846, 847 (1) (498 SE2d 139) (1998).

[10] *Anderson v. State*, 261 Ga. App. 456, 461 (3) (582 SE2d 575) (2003).

the victim with an accomplice, grabbed the victim's bag, and fled the scene. When the victim testified at trial, his testimony was consistent with that proffered by the state, and he also testified that he knew Williams before the robbery. The MARTA investigating officer testified that the victim ran up to him and reported that he had been robbed. As they walked around the area, the victim pointed out the suspects, one of whom, Williams, was carrying the victim's stolen bag.

On cross-examination, defense counsel elicited evidence that the victim told Williams's brother that Williams did not rob him. This testimony, however, does not render the prior incident inadmissible as inconsistencies in a similar transaction victim's testimony affect only the weight and credibility of the testimony.[11] Also, the fact that no weapon was used in the prior incident does not render it inadmissible.[12] Since we have found no abuse of discretion by the trial court, we cannot disturb its determination that the similar transaction evidence was admissible.[13]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 13, 2003 — 

*Maurice Brown*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Alvera A. Wheeler*, Assistant District Attorneys, for appellee.

---

[11] See *Charo v. State*, 206 Ga. App. 297, 299 (4) (424 SE2d 900) (1992) (similar transaction victim's recantation of her allegation of child molestation went only to the weight and credibility of her testimony but did not render the similar transaction evidence inadmissible).

[12] See *Anderson*, supra (evidence of robbery admitted as a similar transaction in an armed robbery case); *Nelson v. State*, 242 Ga. App. 63, 64-65 (3) (528 SE2d 844) (2000) (evidence of robbery by force admitted as similar transaction evidence in an armed robbery case); *Stovall v. State*, 216 Ga. App. 138, 140 (3) (453 SE2d 110) (1995) (evidence of robbery admitted as a similar transaction in an armed robbery case).

[13] *Brooks*, supra at 846 (1).