## A05A0251. PACE v. THE STATE.
(611 SE2d 694)

ELLINGTON, Judge.

A DeKalb County jury convicted Larry Darnell Pace of armed robbery, OCGA § 16-8-41 (a); kidnapping, OCGA § 16-5-40 (a); and possession of a firearm during the commission of a felony, OCGA § 16-11-106 (b). He appeals from the denial of his motion for new trial,[1] contending the trial court erred in allowing the State to present evidence of a similar transaction and in admitting evidence of the eyewitnesses' pretrial identification of him from a photographic lineup. Finding no error, we affirm.

1. Pace contends the trial court erred in admitting similar transaction evidence, arguing the prior incident was not sufficiently similar to the armed robbery for which he was on trial. Evidence of an independent offense or act may be admitted into evidence if the State makes the following affirmative showings: that it is seeking to introduce the evidence for a permissible purpose, there is sufficient evidence that the accused committed the independent offense or act, and there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991); see USCR 31.3 (B) (requiring a hearing on the admissibility of similar transaction evidence and placing the burden of demonstrating admissibility on the prosecution). When deciding whether an independent offense should be admitted, the trial court's proper focus is on the similarity, not the differences, between the offense and the crime for which the defendant is being tried. *Anderson v. State*, 261 Ga. App. 456, 461 (3) (582 SE2d 575) (2003).

Prior to trial, the trial court conducted a hearing on the admissibility of the similar transaction evidence. The State showed that, in the instant case, Pace committed armed robbery by using a sawed-off shotgun to threaten a Family Dollar Store employee and steal the cash register till. Pace also used the gun to force the employee to move to a second cash register, which was empty. Pace took the employee's

---

[1] This appeal was brought following the trial court's grant of Pace's motion for out-of-time appeal.

cellphone and wallet before running outside and jumping into a stolen car driven by an accomplice. The State also showed that, in the prior robbery, Pace and an accomplice confronted a woman in a parking lot and pulled her from her car in broad daylight. After the accomplice pretended he had a gun and threatened to "blow [her] away," Pace and the accomplice stole her car. A police officer apprehended Pace a few days later, after he wrecked the car. Pace has admitted stealing the car.

The State argued that, in both crimes, Pace worked with an accomplice to force the victims to cooperate by threatening to shoot them, and that both crimes were committed in a "brazen" manner during the daytime without any attempt by Pace to hide his identity. The trial court ruled that the prior robbery was sufficiently similar to the armed robbery in this case to be admitted for the purpose of showing Pace's state of mind, knowledge, or intent. We find the evidence presented supports the trial court's ruling and that the court did not abuse its discretion in admitting the prior robbery as a similar transaction. *Anderson v. State*, 261 Ga. App. at 461 (3) ("A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion.") (citation and punctuation omitted).

2. Pace also contends the trial court gave an erroneous limiting instruction to the jury immediately prior to the similar transaction evidence. The trial transcript shows that before the trial court gave the instruction the first time, it gave defense counsel a copy of the instruction and specifically asked if he was "comfortable" with it. Counsel responded in the affirmative and did not request any changes in the instruction. The transcript also shows that the court gave the instruction at issue before the testimony of both the victim of the similar transaction and the police officer who apprehended Pace. Pace admits that his counsel failed to object to the instruction either time. Under these circumstances, Pace has waived any objection to the limiting instruction. *Sutton v. State*, 245 Ga. App. 881, 884 (4) (539 SE2d 227) (2000); *Parrish v. State*, 237 Ga. App. 274, 281 (5) (514 SE2d 458) (1999).

Pace implies in his appellate brief, however, that he preserved this objection by generally objecting to the admission of the similar transaction evidence. He cites to no authority to support the proposition that this general objection to the evidence preserved for appeal his specific complaint about the limiting instruction, particularly in light of his affirmative acceptance of the instruction during trial. Accordingly, this argument is abandoned. Court of Appeals Rule 25 (c) (2).

3. Pace contends the trial court erred in admitting evidence of an impermissibly suggestive pretrial photographic lineup. He claims

that four of the six photographs were not sufficiently similar to his because they depicted men who had darker skin, were older, or had facial hair.

> Convictions based on a pretrial identification by photograph and a subsequent identification at trial will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. A court need not consider whether there was a substantial likelihood of misidentification if it finds that the identification procedure was not impermissibly suggestive. An identification procedure becomes impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, "This is our suspect."

(Citations omitted.) *Williams v. State*, 269 Ga. App. 673, 676 (3) (a) (605 SE2d 83) (2004).

Pace moved to suppress the lineup prior to trial. Both eyewitnesses testified at the motion hearing that they looked at the lineup outside the presence of the other, read an admonition form[2] prior to looking at the lineup, and picked out photograph number four, which was Pace's picture. They testified that the officer showing the lineup to them did not tell them that they had picked the "right" photograph. Based upon this testimony and its review of the photographic lineup, the trial court found that the lineup was not suggestive of a particular photograph and that the lineup had not been presented to the witnesses in a manner that was impermissibly suggestive.

We have reviewed the record and the photographic display at issue and conclude that the trial court was authorized to find that the lineup was not impermissibly suggestive of Pace as a suspect. *Williams v. State*, 275 Ga. 622, 623 (2) (571 SE2d 385) (2002) (holding that slight differences in hairstyle, facial hair, complexion, and age among photographs did not cause a lineup to be impermissibly suggestive). Based upon this finding, we need not consider whether there was a substantial likelihood of misidentification.[3] *Williams v. State*, 269 Ga. App. at 676 (3) (a).

---

[2] The admonition informed the witnesses that the lineup they were going to look at may or may not contain a photograph of someone suspected of committing the crime against them. It also reminded them that the lighting could make the complexions of some of those photographed appear to be darker or lighter and that hairstyles and facial hair can be easily changed.

[3] Although Pace argues that the two eyewitnesses did not see him during the robbery for long enough to make a reliable identification of him as the robber, this argument cannot be used

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 4, 2005 — 

Henry C. Johnson, Jr., for appellant.
*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

---

to expand the error as enumerated in his appellate brief, i.e., the admission of an allegedly suggestive lineup. *Abelson v. State,* 269 Ga. App. 596, n. 1 (604 SE2d 647) (2004). Further, "[i]dentity is a question for the trier of fact, and where a witness identifies a defendant . . . , the credibility of the witness making such identification is not to be decided by this court." (Citation omitted.) *Heard v. State,* 268 Ga. App. 718, 721 (603 SE2d 69) (2004).