## A05A2309. HALL v. THE STATE.
(626 SE2d 611)

RUFFIN, Chief Judge.

A jury found Gregory Hall guilty of armed robbery, aggravated assault with intent to rob, and possessing a firearm during the commission of a felony.[1] On appeal, Hall challenges the sufficiency of the evidence. He also contends that the trial court erred in admitting "an impermissible and overly suggestive photo lineup." Finding no such error and the evidence sufficient, we affirm.

1. On appeal from a criminal conviction, Hall no longer enjoys a presumption of innocence.[2] Rather, we view the evidence in a light most favorable to the jury's verdict.[3] "We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find [Hall] guilty of the crimes charged beyond a reasonable doubt."[4]

Viewed in this manner, the evidence shows that at around 1:00 p.m. on February 4, 2003, Robin Howell drove her white Yukon SUV to the parking garage next to the Galyan's store in Buckhead. Howell exited the truck, walked to the back, and opened the trunk. A man then walked toward her, pulled out a gun, and said, "give me the keys to that car." Howell dropped the keys, and the man picked them up and drove away in her car.

After her assailant drove away, Howell screamed. She was immediately approached by another woman who called 911 on her cell phone. Police Officer Crane responded to the call, and Howell gave him a description of her attacker, including that he had a very distinctive hairstyle. Specifically, the man had "braided [his] hair into two buns that were fairly large on either side . . . [of] the crown of his head."

According to Howell, shortly after her Yukon was stolen, she recalled that it was equipped with "OnStar," and she called the toll free number and reported that her vehicle had been stolen at gunpoint. Officer Crane also spoke with the OnStar operator, and he was told the vehicle was in Stone Mountain and was still moving. OnStar continued to monitor the location of the vehicle and to relay the information to law enforcement. At approximately 2:00 or 2:30 in the afternoon, Officer Poteet saw the stolen car and followed it to a house in DeKalb County. After Poteet arrived, he heard the sound of people fleeing through woods near the house, and he gave chase. Four

---

[1] For sentencing, the trial court merged the aggravated assault charge with the armed robbery conviction.

[2] See *Mullins v. State*, 267 Ga. App. 393 (1) (599 SE2d 340) (2004).

[3] See id.

[4] Id.

individuals, including Hall, were apprehended. Hall's appearance "matched the description that Ms. Howell had [given police]. He had his hair up in two balls on each side . . . of his head."

John Boykin, who was initially apprehended with Hall, testified at trial. According to Boykin, between 1:00 and 3:00 p.m., Hall picked him up while driving a white Yukon. At some point near Hall's house, they exited the vehicle. Boykin saw DeKalb police officers make a U-turn as if to approach them, and Hall told him to "go." Boykin interpreted Hall's comment as meaning that the Yukon had been stolen.

Hall contends the evidence of his guilt was insufficient. However, given that Hall was found mere hours after the crime was committed, in possession of the stolen vehicle, and matched the description of the perpetrator, we find the evidence more than ample to sustain his convictions.[5]

2. After Hall was apprehended, Howell was shown a photographic lineup from which she identified Hall as her assailant. Prior to trial, Hall made an oral motion to suppress the lineup, arguing that it was impermissibly suggestive. Specifically, he argued that he was the only suspect in the lineup with the unusual hairstyle described by Howell. Initially, the trial court overruled the motion. During trial, however, the court determined that, "out of an abundance of caution," it was not going to admit the photographic lineup. The court nevertheless concluded that Howell's identification of Hall was not tainted by having seen the array.

On appeal, Hall argues that the trial court erred in admitting the lineup. It does not appear, however, that the lineup was actually admitted. And even had the lineup been admitted, we would find no basis for reversal.

We will set aside convictions that are based on a pretrial identification by photograph and a subsequent identification at trial only if the photographic lineup was so impermissibly suggestive that there exists a very substantial likelihood of irreparable misidentification.[6] In determining the likelihood of such misidentification, we consider factors such as:

> the opportunity of the witness to view the criminal at the time of the crime[;] the witness' degree of attention[;] the accuracy of the witness' prior description of the criminal[;] the level of certainty demonstrated by the witness at the

---

[5] See *Johnson v. State*, 265 Ga. App. 777, 777-779 (1) (595 SE2d 625) (2004); *Davis v. State*, 244 Ga. App. 670, 670-671 (536 SE2d 563) (2000); *Mitchell v. State*, 242 Ga. App. 177, 178 (1) (529 SE2d 169) (2000).

[6] See *Pace v. State*, 272 Ga. App. 16, 18 (3) (611 SE2d 694) (2005).

confrontation[;] and the length of time between the crime and the confrontation.[7]

Here, the record shows that Howell saw Hall in daylight conditions. She was able to give a very detailed description of her assailant, including his general age, height, coloring, clothing, and his distinctive hairstyle. When Hall was apprehended shortly thereafter, he matched the description given. Under these circumstances, we find it extremely unlikely that Hall was misidentified.[8]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 27, 2006.

*Harold S. Gulliver*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Peggy R. Katz*, Assistant District Attorney, for appellee.

---

[7] (Punctuation omitted.) *State v. Glass*, 279 Ga. 696, 697 (620 SE2d 371) (2005).

[8] See *Williams v. State*, 269 Ga. App. 673, 676-677 (3) (a) (605 SE2d 83) (2004); see also *Manning v. State*, 250 Ga. App. 187, 190 (1) (550 SE2d 762) (2001); *Cantrell v. State*, 201 Ga. App. 93, 96 (2) (410 SE2d 193) (1991).