## A06A1234. WATLEY v. THE STATE.
### (635 SE2d 857)

ELLINGTON, Judge.

An Elbert County jury found James Watley guilty beyond a reasonable doubt of kidnapping, OCGA § 16-5-40; aggravated sexual battery, OCGA § 16-6-22.2; sexual battery, OCGA § 16-6-22.1; and attempted rape, OCGA § 16-6-1. See OCGA § 16-4-1 (criminal attempt). Following the denial of his motion for a new trial, Watley appeals, challenging the admission of certain evidence and the sufficiency of the evidence. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following facts. On April 7, 2004, the 17-year-old victim was talking to a friend in her aunt's yard. Watley pulled up in a white Lincoln Town Car and asked the victim a question. When the victim approached the car to hear Watley better, Watley pulled something from underneath the dashboard and told the victim to get in the car. Fearing the object was a gun, the victim complied. Watley drove to a remote, wooded area and parked. He told the victim to remove her clothes and pulled her to the ground when she refused. Watley pulled up the victim's shirt and pulled down her pants. He tried to have intercourse with the victim and then inserted his finger in her vagina. After that, Watley retrieved a pink and white hand towel and a bottle of Suave hand lotion from the car and masturbated. He said that he was going to turn the victim into a stripper. Finally, Watley drove the victim back to her neighborhood and dropped her off, saying he would kill her if she told anyone about what happened. The victim noted the car's license plate number.

The victim ran to a friend's house and called 911. She described the assailant's car as a white Lincoln Town Car, license plate number 572-MFG. The investigation revealed that Watley owned a white Lincoln Town Car which displayed license plate number 572-MGF. Investigators found pink and white hand towels and a bottle of Suave hand lotion in Watley's car. The victim reported that her assailant had been wearing a red "Dickies" suit. At trial, Watley's ex-girlfriend testified that she dated Watley for several weeks before April 7, 2004 and that she bought him a red "Dickies" suit during that period.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

Eight days after the incident, the victim viewed a photographic lineup which included a picture of Watley. An investigator formally instructed the victim that the perpetrator might not be included in the array of six photographs, that she should bear in mind that hairstyles and facial hair may be changed, and that she should disregard any differences in style or background of the photos.[2] "Within one to 1.5 seconds" after the investigator turned over the array so the victim could see the photographs, the victim started to shake and cry and identified Watley as her assailant; she also identified him at trial. The trial court denied Watley's motion to suppress evidence of the photographic lineup. The jury found Watley guilty beyond a reasonable doubt on all charges.

1. Watley contends the photographic lineup viewed by the victim was impermissibly suggestive and, therefore, the trial court abused its discretion in admitting evidence of the victim's pretrial identification. Specifically, Watley contends that his photograph stood out from the others in the six-photo array because (1) his photograph showed a wood-paneled background while the others showed a white background; (2) he was one of three subjects shown wearing a cap; (3) the subjects had varying types of facial hair; and (4) the subjects were varying distances from the camera. In addition, Watley contends the lineup was suggestive because the victim's parents were in the room when she viewed the array.

We will set aside a conviction that is based on a pretrial identification by photograph and a subsequent identification at trial only if the photographic lineup was so impermissibly suggestive that there exists a very substantial likelihood of irreparable misidentification. *Hall v. State*, 277 Ga. App. 413, 414 (2) (626 SE2d 611) (2006); *Brodes v. State*, 250 Ga. App. 323, 325 (2) (551 SE2d 757) (2001).

> A court need not consider whether there was a substantial likelihood of misidentification if it finds that the identification procedure was not impermissibly suggestive. An identification procedure becomes impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, "This is our suspect."

(Citations omitted.) *Pace v. State*, 272 Ga. App. 16, 18 (3) (611 SE2d 694) (2005). We have reviewed the record and the photographic

---

[2] At a hearing on Watley's motion to suppress evidence of the pretrial identification, an investigator testified that the victim's parents accompanied her to the police station for emotional support, but were not allowed to talk to her while she viewed the array.

display at issue and conclude that the trial court was authorized to find that the lineup was not impermissibly suggestive of Watley as a suspect. *Evans v. State*, 261 Ga. App. 22, 23 (1) (a) (581 SE2d 676) (2003); *Brodes v. State*, 250 Ga. App. at 326 (2) (a).

2. Watley contends the State failed to provide the required notice of its intent to offer evidence of similar transactions and, therefore, the trial court erred in admitting the evidence.

It is undisputed that the State gave Watley notice on January 20, 2005, of its intent to offer evidence of two prior acts of sexual battery: against victim A. W. in November 2002 in Greenville, South Carolina, and against victim D. A. in February 2004 in Greenville County, South Carolina. See Uniform Superior Court Rule (USCR) 31.3 (Notice of Prosecution's Intent to Present Evidence of Similar Transactions). On January 24, 2005, and January 31, 2005, the trial court conducted hearings and ruled that the similar transactions evidence would be admitted at trial. Watley's first trial began on January 31, 2005, and the trial court declared a mistrial on February 3, 2005, due to a hung jury. On April 13, 2005, the State served Watley with a witness list for the retrial on the same indictment, and the list included the similar transactions witnesses, A. W. and D. A. The retrial began on May 9, 2005. Although, as Watley points out, the State could have changed its strategy for the second trial and opted not to call A. W. and D. A., nothing in USCR 31.3 requires the prosecutor to formally renew the notice of intent to present evidence of similar transactions before a retrial. Because the record shows that Watley received the required notice, Watley's argument fails. Even if USCR 31.3 required the prosecutor to formally renew the notice of intent, reversal would not be required in this case because Watley received sufficient notice to satisfy the purpose of the rule. See *James v. State*, 209 Ga. App. 182, 182-183 (1) (433 SE2d 132) (1993) (despite State's failure to provide USCR 31.3 notice, the trial court did not err in admitting evidence of a similar transaction where the evidence was the subject of a pretrial hearing at which the State established that the prior bad act was sufficiently similar to the charged offense and the defendant thereby received sufficient notice to satisfy the purpose of the rule).

3. Watley contends the prior bad acts were not sufficiently similar to the charged acts to be admissible as similar transactions and, therefore, the trial court abused its discretion in admitting the evidence.

The conduct of an accused in other transactions is generally irrelevant and inadmissible. OCGA § 24-2-2. Evidence of similar transactions may be admissible, however, contingent upon three affirmative showings: "(1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused

committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter." (Citation omitted.) *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001), citing *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). "The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses." (Punctuation and footnote omitted.) *Ingram v. State*, 280 Ga. App. 467, 472 (2) (634 SE2d 430) (2006). Before admitting similar transaction evidence, the trial court must hold a hearing where the State bears the burden of showing that the evidence of similar transactions is admissible under the three-prong test. *Myers v. State*, 256 Ga. App. 135, 141-142 (3) (567 SE2d 742) (2002). See USCR 31.3.

> When reviewing the trial court's factual findings regarding whether the State satisfied the three-prong test, we apply the clearly erroneous standard. Further, the decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.

(Citations omitted.) *Flowers v. State*, 269 Ga. App. 443, 444 (1) (604 SE2d 285) (2004).

In the first similar transaction, the evidence showed that Watley tricked 17-year-old A. W. into riding in his car, then drove to an isolated area, made A. W. pull up her shirt and pull down her pants, put lotion on his hand, and masturbated. Watley told A. W. that she was lucky he had not invited his friends to anally gang-rape her. In the second similar transaction, the evidence showed that Watley got 18-year-old D. A. to ride in his white Lincoln Town Car, then drove to an isolated area and asked D. A. to model for him. When D. A. rejected Watley's subsequent sexual advance, he told her that her attitude "is the reason why girls end up getting raped." He also told her that he knew a man who used a gun to make a girl do whatever he wanted her to do. Watley then made D. A. pull up her shirt and pull down her pants, and she turned her head while he masturbated.

With regard to the first prong of the *Williams* test, the record shows that the trial court admitted the evidence for the permissible purposes of showing identity, intent, bent of mind, and course of conduct. *Schley v. State*, 191 Ga. App. 412, 414 (3) (382 SE2d 120) (1989). With regard to the second prong, A. W. and D. A. positively identified Watley as their assailant. With regard to the third prong, the evidence showed that Watley had a modus operandi of luring young women who were strangers to him into his car, driving to isolated areas, making them expose their breasts and genital areas,

masturbating, intimidating them with talk of even more violent sexual assault or death, and then returning them to the area of the first encounter. Under these circumstances, the trial court's finding that the State satisfied the *Williams* test was not clearly erroneous, and the decision to admit the earlier sexual batteries was not an abuse of discretion. *Robertson v. State*, 278 Ga. App. 376, 378 (1) (629 SE2d 79) (2006).

4. Watley contends the evidence was insufficient to authorize conviction. Specifically, Watley argues that he successfully impeached the victim and that the physical evidence failed to substantiate the victim's testimony. When considering an appeal from a criminal conviction, the appellate court views

> the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, [supra], and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). "The testimony of a single witness is generally sufficient to establish a fact. The law does not require that [a] victim's testimony be corroborated by physical evidence." (Footnote omitted.) *Gartrell v. State*, 272 Ga. App. 726, 727 (1) (613 SE2d 226) (2005). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

In this case, the jury was authorized to find that the victim was credible and to accept her testimony. *Gartrell v. State*, 272 Ga. App. at 727 (1). A rational trier of fact could have found from the evidence presented that Watley committed the charged crimes beyond a reasonable doubt.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 23, 2006.

*Jana M. Whaley*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.