## A11A2262. WRIGHT v. THE STATE.
### (723 SE2d 59)

PHIPPS, Presiding Judge.

A jury found Tred Wright guilty of possession of cocaine with intent to distribute. Wright appeals, asserting that the conviction was based upon improperly admitted similar transaction evidence rather than proof beyond a reasonable doubt that he committed the offense charged. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that on January 8, 2009 law enforcement officers received information from a reliable confidential informant that Wright would be transporting cocaine between McRae and Milan in a vehicle being driven by Wright's wife. A deputy with the Telfair County Sheriff's Office initiated a traffic stop of the vehicle, which was traveling without a working tag light. Wright's wife was driving,

---

[1] *Lawrence v. State*, 305 Ga. App. 199, 200 (1) (699 SE2d 406) (2010).

Wright was in the front passenger seat and another passenger was in the back "passenger area."

After speaking with Wright's wife about the tag light, the deputy asked her if she would consent to a search of the vehicle. She consented. The deputy found in the center console area between the driver and passenger area, "laying in the top of [a] purse," a baggie containing a substance that was later determined to be 1.96 grams of cocaine. Wright had $1,572 cash in his pocket and wallet. All three occupants of the vehicle were arrested and charged in the case.

Wright's wife testified that the cocaine was not hers and that after the arrests Wright told her that he had placed the cocaine in her purse because the police were "not supposed" to search her purse. She testified that Wright told her that he wanted her "to take the charges for him because he was a repeat offender and [she] didn't have any charges."

An investigator with the Oconee Drug Task Force testified that the other passenger had told him (after being advised of *Miranda* rights) that Wright told him he had placed the cocaine in his wife's purse, that the officers would charge her, and that he had "too many dope charges now."

The sheriff's deputy testified that in his experience investigating drug cases, drugs in the quantity found would be possessed for sale or distribution rather than for personal use, as cocaine is typically purchased for personal use in an amount weighing less than a gram. The drug task force investigator similarly testified that, based on his knowledge and experience, the amount of cocaine found in the vehicle was indicative of distribution rather than personal use.

Regarding the similar transaction, at trial the sheriff's deputy testified that on August 22, 2009, he equipped a confidential informant with a hidden camera and money to purchase drugs; the informant left and returned with cocaine about 20 to 25 minutes later. The informant did not know the name of the person from whom he bought the drugs, but he described the seller and stated that he lived in McRae. The deputy viewed the videotape of the transaction and affirmed that he was "made aware of" the identity of the "individual" in the videotape, stating that two other officers identified the individual in the videotape as Wright. In connection with that incident, Wright was indicted for sale of cocaine, a charge that was pending at the time of trial.

1. Wright contends that the court erred in admitting at trial evidence of the August 2009 incident. He asserts that the court's decision to allow the evidence was based solely upon hearsay and the testimony of unreliable witnesses; he adds that the court improperly considered testimony regarding the similar transaction without requiring admission of the videotape depicting the transaction, and

allowed the deputy's opinion regarding the meaning of the language used in the videotape. According to Wright, his conviction was the product of this improperly admitted similar transaction evidence.

(a) First, the trial court did not abuse its discretion in admitting the evidence.

> The conduct of an accused in other transactions is generally irrelevant and inadmissible. Evidence of similar transactions may be admissible, however, contingent upon three affirmative showings: (1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.[2]

Before admitting similar transaction evidence the trial court must hold a hearing where the state bears the burden of showing that the evidence of similar transactions is admissible under the three-prong test.[3] When reviewing the trial court's factual findings regarding whether the state satisfied the three-prong test, we apply the "clearly erroneous" standard.[4] The decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5]

In this case, the state gave notice of its intent to introduce at trial evidence that Wright had sold cocaine to the confidential informant in August 2009; the purpose was to show Wright's course of conduct or intent.[6] At the pre-trial hearing on the matter, the deputy and the confidential informant testified that the confidential informant had purchased cocaine from Wright in an undercover operation in August 2009. The court expressly found that the similar transaction was admissible for the purpose of showing Wright's intent, that Wright had committed the similar transaction, and that there was sufficient connection between the similar transaction and the charged offense (so that proof of the independent offense tended

---

[2] *Watley v. State*, 281 Ga. App. 244, 246-247 (3) (635 SE2d 857) (2006) (citations and punctuation omitted), citing *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001) and *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[3] *Watley*, supra, citing Uniform Superior Court Rule (USCR) 31.3.

[4] *Watley*, supra.

[5] Id.

[6] See *Barnes v. State*, 287 Ga. 423, 426 (3) (696 SE2d 629) (2010) (course of conduct or intent are proper purposes for offering evidence of similar transaction).

to prove the charged offense). Notably, Wright does not argue that the required showings were not made. Considering the record before us, the court's factual findings were not clearly erroneous and the court did not abuse its discretion in ruling that the evidence was admissible.[7]

Wright's argument that the similar transaction evidence was inadmissible because it was based upon hearsay and the testimony of an unreliable witness (or witnesses) is without merit. The similar transaction evidence included testimony that was based not upon hearsay, but upon the personal observations of the testifying witnesses; and Wright had ample opportunity to cross-examine those witnesses.[8] Even if some of the deputy's testimony was hearsay, hearsay testimony to establish the similarity of other transactions is allowed at the hearing required by *Williams v. State*[9] when given by a law enforcement official who investigated and has personal knowledge of the other transactions;[10] here, the deputy did investigate and had personal knowledge of the other transaction. Whether the witnesses were "completely unreliable" because one witness (the confidential informant) did not know Wright's name and had used cocaine on the night of the similar transaction was a matter of witness credibility, and witness credibility was for the trier of fact.[11]

Moreover, Wright's assertion that the court erred in allowing the sheriff's deputy and the confidential informant to testify at the pre-trial hearing regarding what was said during the similar transaction, without requiring the admission of a videotape of that transaction, is without merit.[12] And while Wright argues that the

---

[7] See generally *Morrison v. State*, 300 Ga. App. 405, 408 (685 SE2d 413) (2009); *Ware v. State*, 297 Ga. App. 400, 402-403 (2) (677 SE2d 423) (2009).

[8] See *Inman v. State*, 281 Ga. 67, 70, n. 6 (635 SE2d 125) (2006) (noting that an investigating officer's testimony regarding what she saw during her investigation of the prior offense was not hearsay and was admissible at trial); *Hinton v. State*, 290 Ga. App. 479, 481 (2) (659 SE2d 841) (2008); see also *Parker v. State*, 244 Ga. App. 419, 421 (3) (535 SE2d 795) (2000) (officer's hearsay testimony establishing the similarity of other transactions was admissible at USCR 31.3 hearing where the officer investigated and had personal knowledge of the other transactions).

[9] 261 Ga. 640 (409 SE2d 649) (1991).

[10] *Parker*, supra; see *Inman*, supra at 70, n. 5.

[11] See *Boynton v. State*, 287 Ga. App. 778, 780 (2) (653 SE2d 110) (2007) (it is not the function of this court to determine the credibility of witnesses; any inconsistencies in the witness's testimony were for the jury to resolve); see generally *Williams v. State*, 264 Ga. App. 115, 118 (2) (589 SE2d 676) (2003) (inconsistencies in the testimony of similar transaction witness go to the weight of the evidence, not to the admissibility of the evidence).

[12] See *Traylor v. State*, 217 Ga. App. 648, 649 (2) (458 SE2d 682) (1995) (because trial court had discretion as to the admission of evidence at the USCR 31.3 hearing, the court did not err in allowing the prosecutor to state in his place what he expected the similar transaction evidence to show without producing such evidence); *Loyd v. State*, 202 Ga. App. 1, 2 (1) (b) (413 SE2d 222) (1991) (regarding USCR 31.3, there is no per se right to an evidentiary hearing, nor any mandatory obligation to produce testimonial evidence).

deputy was erroneously allowed to "offer opinions as to the meaning and intent of language used" in the videotape, Wright had not shown that any such testimony was given. No abuse of discretion has been shown.[13]

(b) Contrary to Wright's contention, the evidence, as set out above, was sufficient for a rational trier of fact to have found him guilty beyond a reasonable doubt of possession of cocaine with intent to distribute, even without the similar transaction evidence.[14]

Further, evidence of the similar transaction was harmless as it is highly probable that the challenged evidence did not contribute to the verdict.[15] For instance, in addition to the evidence discussed above, Wright testified on direct examination that he was on parole at the time of the January 2009 traffic stop and had previously pled guilty to "a drug charge." And the trial court properly instructed the jury to limit its consideration of the similar transaction evidence to the appropriate purpose.[16] Thus, Wright's contention that his conviction resulted from the court's allowing the similar transaction evidence is without merit.

2. Wright contends that the trial court erred in failing to make explicit findings of fact or conclusions of law regarding the state's purpose for offering the similar transaction evidence. However, Wright failed to object on this particular basis below.

> The failure of a defendant to object to the introduction of similar transaction evidence on the basis that . . . the trial court has not made the requisite findings as required by Uniform Superior Court Rule 31.3 (B) and our Supreme

---

[13] See *Morrison*, supra.

[14] See OCGA § 16-13-30 (b); *Ferrell v. State*, 312 Ga. App. 122, 124-125 (1) (717 SE2d 705) (2011) (affirming conviction for trafficking in cocaine and possession of a controlled substance (MDMA, commonly known as "Ecstasy") based on passenger's joint constructive possession of drugs where there was some connection between the defendant and the contraband other than spatial proximity; namely, the MDMA was in a pill bottle belonging to her and the bottle was found in a bag with the cocaine); *Boykin v. State*, 264 Ga. App. 836, 839-840 (2) (592 SE2d 426) (2003) (affirming conviction for possession of cocaine with intent to distribute based on joint constructive possession where cocaine was found under driver's side floorboard, appellant was the driver, and passenger in whose pocket some cocaine was found denied knowledge of cocaine found under appellant's feet); *Reed v. State*, 244 Ga. App. 146, 147 (534 SE2d 871) (2000) (affirming conviction for possession of cocaine based on defendant/passenger's joint constructive possession where cocaine was found on passenger's floorboard at defendant's feet, he made furtive movements and other passengers did not).

[15] See *Jones v. State*, 236 Ga. App. 330, 333 (1) (c) (511 SE2d 883) (1999) (error in admission of armed robbery convictions as similar transaction evidence in armed robbery trial was harmless where defendant admitted the charged robbery while denying the threat of a gun).

[16] See *Morrison*, supra.

Court's decision in *Williams* precludes appellate consideration of those issues.[17]

Nonetheless, we note that in ruling on the admissibility of the similar transaction evidence, the trial court did state on the record, among other things, that the similar act was admissible "for an appropriate purpose, and that would be the intent of the defendant." Accordingly, there is no basis for reversal.[18]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JANUARY 31, 2012.

*Ashley W. McLaughlin*, for appellant.

*Timothy G. Vaughn, District Attorney, Joshua W. Powell, Assistant District Attorney*, for appellee.

---

[17] *Cole v. State*, 211 Ga. App. 236, 238 (438 SE2d 694) (1993) (citations and punctuation omitted); see *Roberts v. State*, 241 Ga. App. 259, 260 (2) (526 SE2d 597) (1999) (issue of whether trial court erred by admitting similar transaction evidence because it failed to make a determination on the record of the purpose for which the evidence was being introduced was waived because appellant failed to object on the same basis below).

[18] See generally *Williams v. State*, 261 Ga. at 642 (2) (b), n. 3 (after the USCR 31.3 hearing, before any evidence of a particular independent offense or act may be introduced, the trial court must make a determination that each of the three showings has been satisfactorily made by the state as to that independent act or offense, and this determination must be made a part of the record). Compare *Tam v. State*, 225 Ga. App. 101, 103 (2) (483 SE2d 142) (1997) (trial court's determination that the state made the necessary showings pursuant to *Williams* must be made on the record; thus, similar transaction evidence was improperly admitted where hearing was not taken down or recorded and written order did not reflect a determination that the required affirmative showings were made; because the evidence was not overwhelming, the error was not harmless).