# Court of Appeals
# of the State of Georgia

ATLANTA,_____July 09, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15D0462. TRED M. WRIGHT v. THE STATE.

A jury found Tred M. Wright guilty of possessing cocaine with intent to distribute, and his conviction was affirmed on appeal. See *Wright v. State*, 313 Ga. App. 829 (723 SE2d 59) (2012). Wright subsequently filed an "Out of Time Motion for New Trial," which the trial court denied. Wright filed both an application for discretionary appeal and a direct appeal from that order. We denied the application for discretionary appeal on April 3, 2014. See Case No. A14D0269. We dismissed the direct appeal on the ground that Wright was not entitled to a second direct appeal. See Case No. A14A1356, dismissed on April 8, 2014. Wright has since filed his "Motion to Correct Improper Sentence," which the trial court denied. This application seeks review of the trial court's denial of the motion. However, we lack jurisdiction.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Wright contends that his sentence is void because the trial court failed to exercise its discretion to probate a portion of his 27-year sentence. A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Wright was sentenced as a recidivist, and under the recidivist statute, "the trial judge *may, in his or her discretion*, probate or suspend the maximum sentence prescribed for the offense." (Emphasis supplied.) OCGA § 17-10-7 (a).

Because Wright has not raised a valid void-sentence claim, we may not

consider his application. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*    07/09/2015

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*