## A96A0811. ROUNDTREE v. THE STATE.
(474 SE2d 224)

Judge Harold R. Banke.

Deon Roundtree was convicted of cocaine trafficking in violation of OCGA § 16-13-31. On appeal, Roundtree raises three errors. *Held*:

1. In his first two enumerations, Roundtree appeals the denial of his motion to suppress and the validity of a vehicle search. However, this Court previously affirmed the denial of Roundtree's motion to suppress and determined that the police had probable cause to search the vehicle. *Roundtree v. State*, 213 Ga. App. 793, 794 (446 SE2d 204) (1994). Res judicata precludes relitigation of the denial of the motion to suppress. *Blalock v. State*, 201 Ga. App. 461 (411 SE2d 914) (1991). The determination that the police had probable cause to search the vehicle renders moot the voluntariness of consent issue.

2. We reject Roundtree's contention that his two prior cocaine convictions by the State of Florida were improperly admitted into evidence. Before similar transaction evidence can be introduced, the State must make three affirmative showings as mandated by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). See USCR 31.3 (B).

The State's similar transaction evidence showed that Roundtree was arrested for trafficking in cocaine and police found 134.5 grams of crack cocaine and 135 grams of marijuana during a search of his residence. The crack cocaine was wrapped and packaged in the same manner as the cocaine in the instant case. Roundtree pled guilty to trafficking in cocaine and possession of marijuana with intent to sell. In the other incident, after Roundtree was arrested police discovered 156 grams of cocaine in the trunk of Roundtree's car. Although Roundtree was charged with trafficking in cocaine, he pled guilty to the lesser charge of possession of cocaine with intent to sell.

Roundtree was the perpetrator in the earlier crimes, they were strikingly similar, and the independent crimes tended to prove the facts for which they were offered to show Roundtree's conduct or bent of mind. *Williams*, 261 Ga. at 642. Similar transactions need not be identical in every respect. *Sessions v. State*, 207 Ga. App. 609 (428 SE2d 652) (1993). Because the State adequately made the three affirmative showings required by *Williams*, supra, the trial court did not err in admitting the similar transaction evidence.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JULY 11, 1996 —
RECONSIDERATION DENIED JULY 29, 1996 — ■

*Saia & Richardson, Joseph J. Saia*, for appellant.

*John C. Pridgen, District Attorney*, for appellee.