A98A0796. DENT v. THE STATE.
(506 SE2d 641)

Judge Harold R. Banke.

Shawn Terrez Dent was convicted of possession of cocaine with intent to distribute. He enumerates four errors on appeal.

This case arose after the arresting officer stopped Dent for driving with a broken tail light. *Morris v. State*, 228 Ga. App. 90, 91 (1) (491 SE2d 190) (1997) (evidence on appeal is viewed in a light most favorable to the verdict). The officer decided to call in a drug dog after recognizing both Dent and his passenger, Dent's then father-in-law, due to their prior contact with law enforcement.

Upon the dog's arrival, it circled the empty car. Twice it responded to the driver's door. At that point, the dog's handler looked into the heavily tinted window and saw several rocks of crack cocaine sitting on the seat. Both Dent and his passenger were immediately arrested. Further exploration revealed two baggies containing more cocaine, two portable telephones, and razor blades. *Held*:

1. Dent argues that the evidence was insufficient to sustain his

conviction because (1) his father-in-law pleaded guilty and admitted the cocaine was his alone and (2) the officers' testimony regarding the exact location where they spotted the cocaine was inconsistent. In effect, Dent seeks a reweighing of the evidence and a reassessment of the witnesses' credibility. This we cannot do. *Blackwell v. State*, 229 Ga. App. 452, 455 (3) (494 SE2d 269) (1997). On appeal, we review the evidence solely for sufficiency. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

The record shows that 2.3 grams of cocaine were found in the car, most of it in two plastic bags. One of them had a hole in it from which its contents leaked. A small amount of cocaine was discovered in Dent's pocket. Investigators also removed $250.78 from Dent's front trouser pocket and $1,334 from his wallet. An open box of single-edged razor blades with one blade left in it was found in Dent's ashtray. This evidence, viewed in the light most favorable to the verdict, was sufficient to permit the jury to find all the elements of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. at 319-320; see *Stephens v. State*, 219 Ga. App. 881, 882 (1) (467 SE2d 201) (1996) (physical precedent only).

2. Dent maintains that his trial counsel was ineffective for failing to obtain the transcript from his commitment hearing in order to impeach the arresting officers' inconsistent testimony on the location of the cocaine in the car.

To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and but for the deficiency there existed a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Review of counsel's performance, however, must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 448 (2) (394 SE2d 116) (1990). Moreover, we need not inquire into counsel's alleged deficiency, absent a showing of prejudice. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

The gist of Dent's argument is that at trial the two investigating officers placed the cocaine found on the car seat closer to the driver's side than they did at the commitment hearing. However, we find that the investigating officers' testimony at the commitment hearing did not substantially diverge from their testimony at trial. Moreover, any effect this evidence might have had was mitigated at trial by Dent's father-in-law's testimony that the cocaine belonged solely to him and that Dent was merely counseling him about drug abuse on the night at issue. In any event, cocaine was found in Dent's pocket. Thus, we cannot say that there was a reasonable probability that use of the transcript at issue would have affected the trial's outcome.

We decline to reach Dent's contention that his counsel should

have requested a charge on OCGA § 24-9-85 because this issue was not enumerated as error. *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997) (enumerations may not be enlarged in briefs).

3. Dent maintains that his trial counsel was ineffective for failing to move to suppress evidence discovered as a result of the drug dog's efforts. He claims the search was conducted without probable cause.

The record shows that Dent consented to the search. Moreover, once the father-in-law vacated the vehicle, the cocaine on the seat was in plain view. *Bedingfield v. State*, 219 Ga. App. 248, 249 (2) (464 SE2d 653) (1995). Moving to suppress the evidence in light of these circumstances would have been futile. *Mayes v. State*, 229 Ga. App. 372, 373 (1) (494 SE2d 34) (1997) (failure to file a frivolous motion provides no basis for a finding of deficiency).

4. We must reject Dent's contention that the admission of similar transaction evidence requires reversal. He maintains the prior transaction was not sufficiently similar.

The prior act, which was introduced to show intent, bent of mind and motive, occurred in the same neighborhood approximately four years before the offense at issue. Dent pleaded guilty to possession after officers who stopped him based upon information provided by an informant discovered a small amount of cocaine on his car seat. The prior transaction involved the same type of contraband, being transported by car on the same street, and the evidence was introduced for purposes deemed appropriate. In these circumstances, we cannot say the trial court clearly erred in admitting the prior act. *Tate v. State*, 230 Ga. App. 186, 188 (2) (495 SE2d 658) (1998); see *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JULY 28, 1998.

*Elizabeth Lane*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.