## A02A0080. BRANCH v. THE STATE.
## A02A0643. MOSS v. THE STATE.
(565 SE2d 910)

MILLER, Judge.

These companion cases are the result of a joint trial in which Derrick Levar Branch and Montrae Marshonne Moss were convicted of trafficking in cocaine. In separate appeals, Branch and Moss each contend that the trial court erred by admitting certain similar transaction evidence. We discern no error and affirm.

The underlying case arose after the Drug Enforcement Administration in conjunction with the Hall County Multi-Agency Narcotics Squad arranged for a confidential informant ("CI") to make two controlled buys of crack cocaine from Branch and his live-in girlfriend, Parish Michelle Cheeks.

On the date of the first buy, the CI made a telephone call to Branch earlier in the day and spoke with Branch to confirm the amount of crack and the price. This conversation was recorded and played for the jury. Later that day, the CI paged both Branch and Cheeks. Cheeks returned the page, and they agreed on a time for the CI to make the buy. When the CI arrived, Cheeks waved him off, indicating the presence of police.

About 20 minutes later, when the CI returned, Branch was alone. A surveillance videotape depicting the CI entering Branch's trailer was viewed by the jury. Branch showed an ounce of crack to him and told him that the rest was on its way. Branch then contacted co-defendant Moss. After a few minutes, Moss arrived. Moss handed Branch roughly an ounce of crack cocaine. After weighing the cocaine, Branch handed it to the CI, who paid for it and then left. The crack was packaged in two separate baggies, one weighing approximately 28.7 grams and the other weighing approximately 27.9 grams. The crack inside each baggie was broken down into smaller pieces. Thirteen days after the second controlled buy, Branch, Cheeks, and Moss were arrested. At the time of arrest, Branch had $440 in cash and Moss had $1,570. Branch, Cheeks, and Moss were indicted jointly, but Cheeks died before she could be brought to trial.

Branch and Moss were tried together under a two-count indictment for trafficking in cocaine by possessing more than twenty-eight grams on two occasions, a week apart. Both were convicted of Count 1, which pertained to the first controlled buy, and were acquitted of the other count. These two appeals followed.

### Case No. A02A0080

In his sole enumeration of error, Branch contends that the trial court erred in admitting one of his other drug convictions as similar

transaction evidence. He argues that the record does not support the trial court's finding that the independent crime and the pending charges bore sufficient similarity. He claims that the facts and circumstances of each incident were dissimilar because different drugs and different packaging were involved.

Prior to trial, the State notified Branch of its intention to present similar transaction evidence of Branch's two prior drug convictions: possession of marijuana with intent to distribute and possession of cocaine. The trial court held a hearing on the admissibility of this evidence. In the first incident, Branch was searched during a traffic stop. A plastic bag containing 15 individually packaged bags of marijuana was found inside his pants. Branch also had $723 in cash. Based on the apparent packaging of the marijuana for distribution and the large amount of cash, Branch was charged with possession of marijuana with intent to distribute, an offense to which he entered a guilty plea.

The second incident occurred when police discovered four pieces of crack packaged in separate bags and $170 in cash on Branch. Although indicted for possession of cocaine with intent to distribute, Branch was permitted to plead guilty to possession of cocaine. The State's espoused purpose for presenting the prior acts was to show the bent of mind and course of conduct of Branch.

The trial court determined that evidence relating to Branch's conviction for possession of marijuana with intent to distribute was admissible but excluded evidence pertaining to his conviction for possession of cocaine. The trial court refused to allow evidence about the cocaine conviction because Branch had entered a plea to the reduced charge of possession and the amounts of cocaine in this case and the other were substantially different.

Before similar transaction can be introduced, the State must make three affirmative showings as mandated by *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

> First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct, and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.]

*Davis v. State*, 244 Ga. App. 708, 711 (3) (536 SE2d 596) (2000). The first and third showings are at issue here — appropriate purpose and

sufficient similarity. The State's professed purpose for presenting the evidence was to illustrate a course of conduct. From the evidence of Branch's prior conduct in possessing marijuana with intent to distribute, the jury could infer a course of conduct in which Branch possessed and also intended to distribute cocaine. *Burkett v. State*, 230 Ga. App. 676, 678 (2) (497 SE2d 807) (1998). Since there was a logical connection between the two incidents in that Branch possessed illegal drugs with the intent to distribute both times, proof of the similar transaction tended to establish the offense at issue. *White v. State*, 225 Ga. App. 74, 76 (2) (483 SE2d 329) (1997).

The State also met its burden of showing sufficient similarity between the two offenses. Although Branch contends that sufficient similarity is lacking, there is no requirement that the drug allegedly being distributed or possessed in the indicted offense be the same drug distributed or possessed in the similar transaction. *Willis v. State*, 199 Ga. App. 658, 659 (1) (405 SE2d 739) (1991); see *Roundtree v. State*, 222 Ga. App. 363 (2) (474 SE2d 224) (1996). In both incidents, Branch possessed illegal contraband that was packaged for distribution and was also found carrying large amounts of cash. Since the State adequately made the three affirmative showings required by *Williams*, supra, the trial court did not err in admitting the similar transaction evidence. See *Scott v. State*, 240 Ga. App. 50, 52 (4) (522 SE2d 535) (1999). In any event, in light of the overwhelming evidence of Branch's guilt, no harm was shown even if the trial court's ruling had been erroneous. See *Moore v. State*, 242 Ga. App. 249, 250 (1) (a) (529 SE2d 381) (2000).

### Case No. A02A0643

Moss contends that his conviction should be reversed because the trial court erred in admitting evidence of his prior drug conviction. He claims that the two transactions were substantially dissimilar in both the quantity of drugs and the surrounding circumstances. He also argues that his prior conviction was too remote in time.

Over defense objection, Officer Jason Stover testified about an earlier incident when Moss was arrested for possession of cocaine with intent to distribute. As in the indicted offenses, Moss was not the initial target of the investigation. During a search of certain premises, 33 pieces of crack cocaine packaged for distribution were discovered and later connected to Moss. Although indicted for possession of cocaine with intent to distribute, Moss was allowed to enter a negotiated plea and was sentenced to the reduced charge of possession of cocaine.

The prosecution offered the evidence to refute Moss's claim of mere presence and to illustrate his course of conduct in "delivering

drugs to somebody else's house for them to sell." As in his prior drug arrest, Moss was not the initial target of the drug bust in the instant case, but was involved by possessing the packaged drugs before they were sold. This could show Moss's course of conduct in possessing packaged drugs for others to sell and bears sufficient similarity to the circumstances of the instant case. Although the earlier incident stemmed from Moss's conduct in January 1996 and the indicted offenses occurred in April 2000, the prior incident was not too remote in time, especially since Moss's ability to participate in additional drug transactions was apparently hampered by incarceration. No error has been shown in the admission of this evidence. See *Dent v. State*, 233 Ga. App. 605, 607 (4) (506 SE2d 641) (1998).

*Judgments affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 31, 2002.

*Walter J. Rucker*, for appellant (case no. A02A0080).
*Rex J. McClinton*, for appellant (case no. A02A0643).
*Lydia J. Sartain, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.