## A09A1253. MORRISON v. THE STATE.
### (685 SE2d 413)

BERNES, Judge.

A Hall County jury convicted Jarvis Morrison of the sale of cocaine in violation of OCGA § 16-13-30 (b). Morrison contends that his conviction should be overturned because the trial court allegedly erred by admitting his three prior drug convictions as similar transaction evidence at trial. We discern no error and affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence at trial showed that the Hall County Sheriff's Office launched an investigation into drug activity in Morrison's neighborhood after receiving several complaints. The officers conducted surveillance of the area and on November 20, 2007 coordinated a controlled buy using a confidential informant. Prior to the controlled buy, the informant and her vehicle were searched. The officers confirmed that she did not have any drugs or other contraband in her possession. The officers then gave the informant a $20 bill for her use in consummating the controlled buy and equipped her with a cell phone and surveillance equipment to record the transaction.

The confidential informant drove to the area where Morrison, his co-defendant, Tavaras Anderson, and three other males were sitting at a table on the side of the road. The informant made contact with the group by waving the $20 bill to signal her desire to make a drug purchase. Anderson approached the informant's vehicle, retrieved the $20 bill, and walked back toward Morrison at the table. Anderson and Morrison extended their hands toward each other and made a hand-to-hand exchange of the cash for the drugs. Following the exchange, Anderson returned to the informant's vehicle and

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

handed her a rock of crack cocaine.

After completing the transaction, the informant delivered the purchased crack cocaine and the videotape of the transaction to the investigating officers. An officer watched the videotape to confirm the informant's report of the drug sale and to identify the perpetrators who had engaged in the transaction.

The officers immediately returned to the crime scene, where they found Morrison and Anderson and placed them under arrest. Police found the $20 bill that the informant had used to purchase the crack cocaine inside Morrison's pants pocket.

At trial, three prior drug transactions perpetrated by Morrison were admitted as similar transaction evidence. This evidence showed that in October 2004, an undercover officer with the Hall County Sheriff's Office was engaged in a drug investigation in Morrison's neighborhood. The officer encountered Morrison in the parking lot of a nearby convenience store, and held up two fingers to signal his desire to purchase $20 worth of crack cocaine. Morrison approached the officer's vehicle, retrieved a baggy containing crack cocaine from inside his pants, and exchanged one rock of crack cocaine for the officer's $20 bill. Morrison was later arrested and entered a guilty plea to sale of cocaine.

The second transaction admitted into evidence occurred in November 2004. On this occasion, an undercover officer with the Hall County Sheriff's Office and a confidential informant were conducting another drug investigation in Morrison's neighborhood. While driving in the area, the officer and informant made contact with Morrison, who had nodded at them to signal the solicitation of a drug transaction. When the officer asked Morrison for $20 worth of crack cocaine, Morrison reached into the front of his pants, pulled out a rock of crack cocaine, and handed it to the informant in exchange for the money. Morrison was later arrested and he entered a guilty plea to possession of cocaine with intent to distribute.

The third drug transaction occurred in December 2004. Again on this occasion, an undercover officer with the Hall County Sheriff's Office was conducting a drug investigation in Morrison's neighborhood. While driving in the area, the officer made contact with a third party drug runner and told him he wanted to purchase crack cocaine. The drug runner directed the officer to Morrison's residence, and the officer gave the drug runner a $20 bill to make the purchase. The drug runner met Morrison on the front porch of the residence where they exchanged the money for crack cocaine. The drug runner then returned to the officer's vehicle and delivered the crack cocaine that he had obtained from Morrison. The officer obtained a search warrant for Morrison's residence based upon the drug transaction. When the warrant was executed, the officer discovered a baggy

containing crack cocaine, scales, and several hundred dollars in U. S. currency. Following his arrest, Morrison admitted that he had been selling drugs and that the drugs found in the residence belonged to him. He later pled guilty to possession of cocaine.

At the trial of this case, Morrison testified in his own behalf. He admitted his involvement in the prior drug transactions, but denied having participated in the drug transaction in this case. Morrison claimed that Anderson paid him the informant's $20 bill to settle a bet that they had previously made on a football game. After the presentation of the trial evidence, the jury found Morrison guilty of the sale of cocaine offense as charged.

In Morrison's sole claim of error on appeal, he challenges the trial court's decision to admit the similar transaction evidence. Before trial, the state gave notice of its intent to present the similar transaction evidence at issue. After conducting a pretrial hearing in accordance with Uniform Superior Court Rule 31.3 (B), the trial court ruled that the similar transaction evidence was admissible. A trial court's ruling to admit evidence of similar transactions will be upheld unless clearly erroneous. See *Garrett v. State*, 253 Ga. App. 779, 781 (3) (560 SE2d 338) (2002). Here, no error has been shown.

The state must make three affirmative showings before similar transaction evidence can be introduced. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). First, the state must demonstrate that the evidence is being offered for an appropriate purpose, such as illustrating the defendant's identity, intent, course of conduct, and bent of mind. *Branch v. State*, 255 Ga. App. 596, 597 (565 SE2d 910) (2002). Second, there must be sufficient evidence to establish that the defendant committed the independent offense or act. See id. And third, there must be a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. See id. "Implicit also are the concepts that the evidence must be relevant to an issue in the case and that its probative value outweighs its prejudicial effect." (Citation and punctuation omitted.) *Willett v. State*, 223 Ga. App. 866, 872 (3) (479 SE2d 132) (1996). Morrison argues that the state failed to meet its burden as to the third showing, contending that the transactions were not sufficiently similar. He also argues that the probative value of the evidence did not outweigh its prejudicial effect. We disagree.

> The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the . . . incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant com-

mitted the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.

(Citation, punctuation and emphasis omitted.) *Roberts v. State*, 241 Ga. App. 259, 261 (3) (526 SE2d 597) (1999). In this case, the evidence established that each of Morrison's offenses involved the sale of $20 worth of crack cocaine to undercover officers or informants during drug investigations in the same neighborhood in Hall County. As such, the trial court's finding that Morrison's prior drug offenses were sufficiently similar was authorized. See *Howard v. State*, 262 Ga. App. 198, 200 (3) (585 SE2d 164) (2003); *Miller v. State*, 219 Ga. App. 284, 285 (2) (464 SE2d 860) (1995); *Spead v. State*, 218 Ga. App. 547, 547-549 (1) (462 SE2d 635) (1995).

The trial court was likewise authorized to find that the probative value of the similar transaction evidence outweighed its alleged prejudicial impact. Because Morrison denied participating in the drug transaction at issue, the similar transactions were relevant and admissible to prove Morrison's bent of mind, course of conduct, and intent to commit the crime alleged in the indictment. See *Howard*, 262 Ga. App. at 200 (3). We further note that the trial court provided jury instructions that limited consideration of the similar transaction evidence to the appropriate purposes and provided guidance so as to diminish its prejudicial impact. The trial court's admission of the three similar transactions was not clearly erroneous.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 8, 2009.

*Mary Erickson*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.