## A10A0243. HENDERSON v. THE STATE.
### (693 SE2d 896)

MIKELL, Judge.

James W. Henderson was convicted of two counts of armed robbery, two counts of aggravated assault, two counts of possession of a firearm during the commission of a crime, and one count each of hijacking a motor vehicle and kidnapping. On appeal, Henderson challenges the admission of similar transaction evidence and the trial court's denial of his motion to sever. Finding no error, we affirm.

Construed in favor of the verdict, the evidence shows that at approximately 1:00 a.m. on Sunday, September 23, 2001, Matthew Vaughn Willis drove to a Kroger supermarket to meet a friend. Willis testified that while waiting for his friend to arrive, he sat in his car, which he described as a reddish, burgundy Acura; that Henderson approached him on the driver's side, acted as if he knew Willis, and asked for a cigarette; that Henderson then bent down and popped up with a cigarette and asked Willis for a light; and that once Willis lit the cigarette, Henderson pointed a dark-colored gun at him and said, "take me where I want to go." Willis further testified that Henderson continuously pointed the gun at him as he walked around the front of the car and entered through the passenger side door; that Henderson told him to drive and take him to the Knight's Inn, which was approximately one quarter of a mile from the Kroger; that when he was about to turn into the hotel, Henderson put the gun to his head and told him to keep driving straight or he would kill him; that Henderson told him to drive north on Interstate 75; and that after approximately a mile, Henderson told him to pull over and to exit the car and left him on the Interstate.

Willis testified that as he walked back toward the Kroger, he was picked up by a gentleman, who drove him back to the store; that he used the man's phone to call police; and that within five minutes, the police responded and he told them what happened. Willis recalled that he identified Henderson in a photographic lineup and that he was initially 90 to 95 percent confident that Henderson was the assailant; then, after viewing the lineup for a little longer, he was positive of his identification. Willis also identified Henderson in court.

At approximately 10:00 p.m. on the same day that Henderson stole Willis's car, he robbed Latricia Hill, who was working as a cashier at a BP gas station. Hill testified that Henderson demanded change for a large bill, and when she told him that she could not give him change, he pulled what appeared to be a black gun out of his pocket and placed a note on the counter, upon which was written "give me all the money and nobody will get hurt." Hill further testified that she gave Henderson the ten, twenty, and five dollar bills in the register; that he was hesitant to take five dollar bills and told her that he did not want any one dollar bills; that he took $360 in total; and that he left in what Hill described as a "small, maroonish/burgundyish car." Hill further testified that she hit the panic button, that the police arrived in approximately four minutes, and that she could not identify the person who robbed her. However, she recognized the shirt that the person was wearing on the night of the incident and the vehicle that he was driving.

Sergeant Jeffrey Rodgers of the Bartow County Sheriff's office testified that he heard a call from dispatch at about 10:20 p.m. on the evening in question to be on the lookout for a small, maroon passenger car occupied by a black male; and that approximately 14 minutes later, he saw the car that fit the description turn into a Travel Lodge motel. Rodgers called for backup and once the officers arrived, they located the vehicle then talked to Tina Baker, who was standing outside. Baker explained that the car belonged to "Skip" Henderson and that he was in a motel room with her roommate, Larry Jackson. Henderson was apprehended. The keys to Willis's vehicle were located in Jackson's shoe. Another officer found gray sweat pants, a shirt, and an air pistol in a nearby trash can, and Baker and Jackson testified that Henderson was wearing the clothes found in the trash can earlier that evening. Hill identified the shirt as that worn by the perpetrator.

1. In his first enumeration of error, Henderson argues that the trial court erroneously admitted similar transaction evidence that he entered a negotiated plea in 1991 to robbery by intimidation as a lesser included offense of armed robbery. We disagree.

> Before allowing the introduction of evidence of a similar transaction, a trial court must hold a hearing pursuant to Uniform Superior Court Rule 31.3. At that hearing, the [s]tate must make three showings in order for the evidence to be introduced: (1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence to show that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or

act and the crime charged such that proof of the former tends to prove the latter. A trial court's decision to admit similar transaction evidence will be upheld on appeal unless it is clearly erroneous.[1]

In the instant case, Henderson argues that the state did not make the first and third showings.

Because Henderson did not include the transcript of the similar transaction hearing in the record, our review is limited to the trial record.[2] The state introduced the evidence to demonstrate Henderson's "course of conduct and bent of mind towards the taking of property not belonging to [him] by means of force and intimidation." Course of conduct and bent of mind are appropriate purposes for which similar transaction evidence can be introduced.[3]

When similar transaction evidence is admitted for such purposes, a lesser degree of similarity is required than when introduced to prove identity, and a transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences.[4]

In the instant case, the record shows that the incidents are sufficiently similar to warrant the admission of the evidence. The record shows that both incidents occurred in the same county and involved female store clerks who were working late at night in convenience stores. Crystal Crawford, the victim in the 1991 incident, testified that Henderson placed a note on the counter that read "give me all your money and put it in a bag"; that he had a gun, which he brandished after she read the note; and that he told her he did not want the rolled coins. In the instant case as well, Henderson used a gun and a note demanding the money and indicated that he did not want smaller denominations of money. Accordingly, we find no abuse of discretion in the trial court's finding that the incidents were sufficiently similar.[5]

---

[1] (Citations and punctuation omitted.) *Cromartie v. State*, 275 Ga. App. 209, 211-212 (3) (620 SE2d 413) (2005).

[2] See *Miller v. State*, 219 Ga. App. 284, 285 (2) (464 SE2d 860) (1995).

[3] See *Dixon v. State*, 285 Ga. 312, 317 (4) (677 SE2d 76) (2009); *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001); *Moore v. State*, 273 Ga. 11, 13 (2) (537 SE2d 334) (2000).

[4] (Citations and punctuation omitted.) *Abdullah v. State*, 284 Ga. 399, 401 (3) (667 SE2d 584) (2008).

[5] See *Grimes v. State*, 280 Ga. 363, 364-365 (2) (628 SE2d 580) (2006) (armed robberies that both involved the robbery of the proceeds of a business establishment through the use of a handgun were sufficiently similar). Compare *Nesbitt v. State*, 296 Ga. App. 139, 140 (1) (673

Henderson argues that the 1991 conviction should have been excluded because it was too remote in time. However, "[w]hile the passage of time is one of the more important factors to weigh in considering the admissibility of the evidence in question, it is not wholly determinative."[6] The lapse of time presents an issue as to the weight and credibility of the evidence, not its admissibility.[7] We note, too, that "the lapse in this case is mitigated somewhat by the fact [the defendant] was incarcerated for at least a portion of those ten years,"[8] as was Henderson.[9]

2. Henderson asserts as error the trial court's denial of his motion to sever the offenses involving the carjacking from the offenses involving the armed robbery.

> [A] defendant has a right to severance where the offenses are joined solely on the ground that they are of the same or similar character because of the great risk of prejudice from a joint disposition of unrelated charges. However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.[10]

Here, Henderson, brandishing a gun, stole a car from Willis, and less than 24 hours later, used the same gun and the stolen car to commit an armed robbery. "The test for the court to consider is whether, in light of the number of offenses charged and the complexity of the evidence, the fact-trier will be able to distinguish the evidence and apply the law intelligently to each offense."[11] Here, the trial court could find that the jury could distinguish the evidence and apply the applicable law to each offense. Accordingly, we find no error in the trial court's denial of Henderson's motion to sever the offenses.

---

SE2d 652) (2009) (evidence showing only that the crimes were similar because they happened on the street and at night did not establish sufficient similarity, but overwhelming evidence of guilt did not require reversal).

[6] (Citation and punctuation omitted.) *Henderson v. State*, 300 Ga. App. 478, 481 (1) (685 SE2d 454) (2009).

[7] Id.

[8] (Punctuation omitted.) Id. Similar transactions more remote in time have been allowed. See, e.g., *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252) (1998) (17 years); *Howard v. State*, 228 Ga. App. 775, 776 (1) (492 SE2d 683) (1997) (12 years); *Moore v. State*, 207 Ga. App. 412, 416 (1) (b) (427 SE2d 779) (1993) (22 years).

[9] Henderson testified that he was released from prison in 1997.

[10] (Citation omitted.) *Simmons v. State*, 282 Ga. 183, 185 (4) (646 SE2d 55) (2007).

[11] (Citation and punctuation omitted.) *Overton v. State*, 295 Ga. App. 223, 235 (3) (671 SE2d 507) (2008). Accord *Campbell v. State*, 206 Ga. App. 456, 458 (2) (426 SE2d 45) (1992).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 7, 2010.

*Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.