## A11A2141. NEWTON v. THE STATE.
### (723 SE2d 95)

MILLER, Judge.

Following a jury trial, Donald P. Newton was convicted of criminal attempt to manufacture methamphetamine (OCGA §§ 16-13-30 (b), 16-4-1). Newton filed a motion for new trial, which the trial court denied. Newton appeals, contending that the trial court erred in admitting his prior drug conviction as similar transaction evidence, and in denying his motion to suppress evidence seized as a result of a search warrant issued without sufficient probable cause. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict, see *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that two officers of the Carroll County Sheriff's Office attempted to execute an arrest warrant on a suspect thought to be residing at Newton's rental home. Although

---

the suspect was not there, Newton and his co-defendant[1] were present at the residence and gave the officers permission to search it. One of the officers, who had been trained in methamphetamine detection, smelled a strong odor of ether, which he recognized as a primary ingredient used to manufacture methamphetamine. The officers contacted a Carroll County investigator and secured the scene until she arrived.

Based on the officer's report of an ether odor, as well as her own knowledge that Newton's co-defendant and the absent owner of the residence were associated with prior methamphetamine manufacturing activities, the investigator prepared and obtained a search warrant for the residence and surrounding property. Upon execution of the search warrant, the officers discovered a methamphetamine laboratory in an outbuilding on the property. Inside the residence, officers found surveillance equipment that was used to observe the front door area of the residence; glass smoking devices containing white substance residue; and corner baggies. They also located pill binders and numerous containers containing substances used to manufacture methamphetamine. Newton and his co-defendant were arrested and charged with criminal attempt to manufacture methamphetamine.

1. Newton argues that the trial court erred by allowing the State to introduce his prior drug conviction as similar transaction evidence. We disagree. "Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible." (Citation omitted.) *Porter v. State*, 264 Ga. App. 526, 531 (4) (591 SE2d 436) (2003).

Before similar transaction evidence can be introduced, the State "must make three affirmative showings as to each independent offense or act it seeks to introduce." *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Specifically, the State must show

> that it is seeking to introduce the evidence for a permissible purpose; there is sufficient evidence that the accused committed the independent offense or act; and there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Punctuation omitted.) *Mattox v. State*, 287 Ga. App. 280, 282 (1) (651 SE2d 192) (2007). "Implicit also are the concepts that the evidence must be relevant to an issue in the case and that its

---

[1] Newton's co-defendant is not a party to this appeal.

probative value outweighs its prejudicial effect." (Citations and punctuation omitted.) *Morrison v. State*, 300 Ga. App. 405, 407 (685 SE2d 413) (2009).

Here, the State filed a notice of intent to present similar transaction evidence involving Newton's 2003 guilty plea and conviction to a number of drug charges, including the offense of criminal attempt to manufacture methamphetamine. During the similar transaction hearing, the State explained that Newton's prior drug conviction was based upon the execution of a search warrant of his residence, which revealed a number of items associated with the manufacture of methamphetamine. The State informed the trial court that its purpose in proffering such evidence was to demonstrate Newton's mode of operation and his bent of mind. The State contended that a certified copy of Newton's guilty plea proved with sufficient certainty that it was Newton who committed the prior drug offenses. The State further asserted that there was an element of similarity between Newton's prior drug conviction and the offense charged insofar as they both involved the same crime of criminal attempt to manufacture methamphetamine, and in both instances, components of methamphetamine laboratories were found at the respective residences. The trial court ruled that Newton's prior drug conviction was admissible for the purpose of showing Newton's bent of mind and his course of conduct.

Newton argues on appeal that the trial court abused its discretion in admitting evidence of his prior guilty plea and conviction because (a) introduction of similar transaction evidence for the purpose of showing "bent of mind" was improper; (b) the probative value of the similar transaction evidence did not outweigh its prejudicial effect; and (c) the similar transaction evidence was not necessary for the State to prove its case.

(a) Relying solely upon the new Georgia Rules of Evidence, Newton first asserts "that 'bent of mind' evidence is wholly prejudicial to the defendant, rarely is relevant to the facts of an underlying case, and is basically admitted for the purpose of showing that the defendant is a criminal."[2] As Newton himself acknowledges in his appellate brief, however, the new Georgia Rules of Evidence do not go into effect until January 1, 2013. See Ga. L. 2011, p. 100, § 1. Presently, and at the time of the trial court's finding in this case, "[c]ourse of conduct and bent of mind are appropriate purposes for which similar transaction evidence can be introduced." (Footnote omitted.) *Henderson v. State*, 303 Ga. App. 527, 529 (1) (693 SE2d 896) (2010); see also *Wade v. State*, 295 Ga. App. 45, 48 (670 SE2d

---

[2] See Ga. L. 2011, p. 99, § 2 (to be codified at OCGA § 24-4-404).

864) (2008) ("[W]e are not authorized to depart from the precedent of the Supreme Court of Georgia authorizing the bent of mind rationale for admitting similar transaction evidence here.") (citations and footnotes omitted). Thus, based on Newton's position that he was not involved with the methamphetamine laboratory in this case, as well as the similarity of his prior drug crime with the offense at issue, we discern no abuse of the trial court's discretion in admitting the evidence of Newton's prior attempts to manufacture methamphetamine for the purpose of showing his bent of mind and course of conduct in this case. Cf. *Robertson v. State*, 306 Ga. App. 721, 724-725 (2) (703 SE2d 343) (2010).

(b) The trial court was also authorized to find that the probative value of the similar transaction evidence outweighed its prejudicial effect. See *Morrison*, supra, 300 Ga. App. at 408. As stated above, Newton's prior drug conviction was relevant and admissible to prove his bent of mind and course of conduct. Moreover, "the trial court provided jury instructions that limited consideration of the similar transaction evidence to the appropriate purposes and provided guidance so as to diminish its prejudicial impact." Id. "Given its relevance and the court's appropriate limiting instruction contemporaneous with its admission and in its jury charge, the probative value of the evidence . . . outweighed its prejudice to [Newton]." (Citation and footnote omitted.) *Bilow v. State*, 262 Ga. App. 850, 856 (2) (586 SE2d 675) (2003).

(c) Newton also contends that the trial court erred insofar as it admitted similar transaction evidence that was not "needed by the State," asserting that the State's case against him "was very solid and the State did not need this similar transaction evidence in order to present sufficient evidence to support a conviction." We disagree. In determining whether the State's need for the similar transaction evidence outweighs its prejudicial effect, one of the questions a trial court should consider is, "[D]oes the State need this evidence to prove the issue, or can the fact be proved otherwise . . . [by] less-inflammatory evidence[?]" (Punctuation omitted.) *Smith v. State*, 232 Ga. App. 290, 292-293 (1) (501 SE2d 523) (1998). As described above, Newton disclaimed any involvement with or knowledge of the methamphetamine laboratory contained in the outbuilding. Accordingly, the State needed the evidence of Newton's prior drug conviction to show his bent of mind and course of conduct with respect to the methamphetamine offense at issue. Moreover, Newton's concession that the State presented sufficient evidence to support his conviction, even without the jury's consideration of Newton's prior drug conviction, renders it "highly probable that its admission did not contribute to the judgment." (Citation omitted.) *Porter*, supra, 264 Ga. App. at 531-532 (4). Thus, no reversible error has been

shown. See id. (applying the harmless error test to the alleged erroneous admission of similar transaction evidence).

2. Newton argues that the trial court erred by denying his motion to suppress evidence seized during the search of the residence, because there was no probable cause to issue the search warrant.[3] We disagree.

> On appeal, we determine if the magistrate had a "substantial basis" for concluding that probable cause existed to issue the search warrant, applying the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of law to undisputed facts is subject to de novo review and keeping in mind that a magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court.

(Punctuation and footnote omitted.) *Amica v. State*, 307 Ga. App. 276, 278 (1) (704 SE2d 831) (2010).

Here, the trial court found that sufficient probable cause existed to authorize the issuance and execution of a search warrant encompassing the entire premises. The trial court's finding was based upon oral testimony and the search warrant itself, including the affidavit submitted to the magistrate in support of the warrant that showed the following circumstances. One of the responding officers, who was trained by the DEA in methamphetamine detection and discovery, smelled a strong odor of ether on the premises. The responding officers contacted an investigator, who knew the individuals at the residence to be previously associated with the manufacture of methamphetamine. Notably, during a separate investigation one month prior, Newton's co-defendant had admitted to the investigator that he was selling methamphetamine to support his girlfriend's addiction. Approximately two months earlier, the investigator had responded to the same residence to investigate a report of a methamphetamine laboratory being operated on the premises.

On appeal, Newton argues that the investigator's knowledge of

---

[3] The State asserts that Newton lacked standing to object to the search of the outbuilding in which the methamphetamine laboratory was found. Indeed, as the State points out, Newton disclaimed any ownership or possessory interest in the outbuilding. See *Henderson v. State*, 211 Ga. App. 102, 103 (2) (438 SE2d 181) (1993) ("When, as in the instant case, the accused disavows ownership of or other legitimate possessory interest in the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right.") (citation and punctuation omitted). Significantly, Newton conceded at the motion to suppress hearing that he had no reasonable expectation of privacy with respect to the outbuilding and was seeking only to suppress evidence seized from the residence. Thus, we address Newton's claim of error only with respect to the search of the residence.

previous methamphetamine activities was too remote in time to establish probable cause, and that the smell of ether alone was not sufficient to establish probable cause. First, Newton's staleness argument is without merit. "[T]he proper procedure to determine whether information is stale is to view the totality of the circumstances for indications of the existence of reasonable probability that the conditions referred to in the sworn testimony would continue to exist at the time of the issuance of the search warrant." (Punctuation and footnote omitted.) *Shivers v. State*, 258 Ga. App. 253, 257 (573 SE2d 494) (2002). Here, the investigator's knowledge coincided with the officer's detection of a strong odor of ether at the premises, and the search warrant was both issued and executed on the same day that the odor was detected. Compare id. (concluding that there was no evidence indicating that consumable drug — marijuana — would be found at suspect's residence two days after the odor of marijuana was detected on suspect's person, and not his residence). Given these circumstances, we cannot say that the investigator's knowledge was so remote that it made it unlikely that methamphetamine manufacturing activities would be found at the premises at the time the warrant was issued.

Second, Newton is mistaken in focusing solely on the odor of ether as providing the basis for a finding of probable cause in this case. See *Dawson v. State*, 238 Ga. App. 263, 265 (1) (518 SE2d 477) (1999) ("Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances.") (citation and punctuation omitted). In reviewing the trial court's denial of Newton's motion to suppress, we consider whether the totality of the circumstances, and not merely the smell of ether, supported a finding of probable cause. See id. Here, in addition to the strong odor of ether, the DEA-trained officer knew that the odor was indicative of a methamphetamine laboratory operation, there was a prior report that a methamphetamine laboratory was being operated on the premises, and Newton's co-defendant had previously admitted to selling methamphetamine. Thus, pretermitting the question of whether the odor of ether by itself supplied probable cause for the search, we conclude that the totality of the circumstances in this case presented probable cause supporting the magistrate's issuance of a search warrant of the premises. See id. ("[T]he existence of probable cause is determined by whether, given all the circumstances, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.") (citations and punctuation omitted); *O'Keefe v. State*, 189 Ga. App. 519, 526 (3) (376 SE2d 406) (1988) (pretermitting the question of whether the odor of burning marijuana by itself could have supplied sufficient probable cause, and instead considering it as a part of the totality of circumstances that

were sufficient to establish probable cause for the issuance of a search warrant). Therefore, the trial court did not err in denying Newton's motion to suppress the evidence seized from the residence.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED FEBRUARY 3, 2012.

*Drummond & Swindle, Jason W. Swindle,* for appellant.

*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney,* for appellee.